## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**MICHAEL L. WILSON**                                                                                                   **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 4:22-CV-P72-JHM**

**NICKI FENTRESS** *et al.*                                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and allow Plaintiff the opportunity to amend the complaint.

### I.

Plaintiff Michael L. Wilson is incarcerated as a pretrial detainee at Daviess County Detention Center (DCDC). He names as Defendants Daviess County, Kentucky, and Southern Health Partners (SHP). He also names "SHP/Head Nurse" Jenny Phillips; "Medical Doctor/SHP" Tamberly McCoy; and "SHP Nurses" Cassie Thompson and Nicki Fentress; he sues these Defendants in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On or around 5-2-22 thru 5-20-22 [I] feel that my 8th amendment rights was violated due to medical negligence by the staff at [SHP] and [DCDC] . . . in cell 110 by not isolating Jeremy Cole who they confirmed had scabies. Along with 12 others in the cell and when asked if they was gonna treat everyone they refused to treat the whole cell and left us all on isolation with the people who did not have it when they should have isolated the 12 and Jeremy Cole sevel days before in a different cell and they failed and refused along with refused us treatment and they also said there to us theres no way to prevent scabies from getting in the jail any other jail I've been to gives lice baths to prevent situations like this so why [DCDC] and they failed to change our linens properly after they put the whole cell at risk of catching scabies while still isolated with the infected inmates . . . .

On 4/15/22 . . . I went to medical for bug bites on my legs. I was seen by Nurse Nicki Fentress and she made an educated guess that it was not bug bites instead it was either ingrown hairs or dry skin caused by the shower, she told me to use lotion and she gave me hydrocortisone cream 2 times a day for 3 days. On 5/2/22 . . . I was checked for scabies along with other inmates in the same cell that had a rash consistent with a scabies infection. I was seen by Nurse Jenny Phillips, and Nurse Cassie Thompson, they gave the ones that had scabies Permethrin Cream 5% and instructed us to thoroughly massage the [] cream into our skin from head to the soles of our feet and keep it on for 12 hours, after 12 hours they would come back, have us take a shower, and then change our bed linens and send out our laundry to be specially cleaned. After 12 hours the guards came back, we took a shower then was told to only change our bed linens, I asked about the clothes but the guard said he was only told to do our bed linens. Due to not following the nurses orders or procedure we had to repeat the same treatment all over again. On 5/5/22 I seen Doctor McCoy for dizzy spells, she was then told by a nurse that I had scabies and my entire cell was put on isolation caused by a scabies infection, she did not ask any questions about any kind of treatment or if we were all getting treatment, instead all she said was "Oh."

I believe the 8th Amendment of my constitutional rights have been violated because I never would have caught scabies if they would have isolated Jeremy Cole (the first person with scabies) and treated him before it spread. Instead they put him back in the cell after numerous visits over bites all over body and told him it was nothing contagious. Jeremy Cole also put in multiple grievances concerning the bites on his body but was not treated for scabies until 5/2/22 which after the infection spread throughout the cell.

As relief, Plaintiff seeks damages and to have "all my present charges dropped/released from jail."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure

to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person

3

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants Daviess County and SHP

Upon consideration, the Court will allow Fourteenth Amendment claims to proceed against Defendants Daviess County and SHP.[1] In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### B. Defendants Phillips, McCoy, Fentress, and Thompson

#### 1. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Phillips, McCoy, Fentress, and Thompson are actually against Defendant SHP, whom Plaintiff indicates is their employer. As set forth above, the Court is already allowing a claim to proceed against Defendant SHP. Thus, **IT IS HEREBY ORDERED that Plaintiff's official-capacity claims are DISMISSED as redundant to Plaintiff's continuing claim against Defendant SHP**.

#### 2. Individual-Capacity Claims

As to Plaintiff's individual-capacity claims, the standard for inadequate-medical-care claims brought by pretrial detainees under the Fourteenth Amendment has been in flux in the Sixth Circuit. In *Greene v. Crawford Cty.*, the Sixth Circuit summarized the developing case law as follows:

---

[1] Although Plaintiff refers to the Eighth Amendment in the complaint, "pretrial detainees have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Greene v. Crawford Cty.*, 22 F.4th 593, 605 (6th Cir. 2022) (citation omitted).

4

> Until recently, this Court "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021) (citation omitted). The Eighth-Amendment framework for deliberate indifference claims has an objective and a subjective component. *Griffith v. Franklin Cty.*, 975 F.3d 554, 567 (6th Cir. 2020); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The objective component requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the [Constitution]." *Griffith*, 975 F.3d at 567 (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). The subjective component requires a plaintiff to show that "each defendant subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk by failing to take reasonable measures to abate it." *Id*. at 568 (quoting *Rhinehart*, 894 F.3d at 738). This is a high standard of culpability, "equivalent to criminal recklessness." *Id*.
>
> This court's opinion in *Brawner* changed things. In that case . . . the plaintiff argued that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), "eliminate[d] the subjective element of a pretrial detainee's deliberate-indifference claim." *Brawner*, 14 F.4th at 591.
>
> …
>
> The majority opinion concluded that *Kingsley* [] required "modification of the subjective prong of the deliberate-indifference test for pretrial detainees." *Id*. at 596.
>
> …
>
> *Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

*Id*. at 605-06.

> The Sixth Circuit most recently articulated this modified standard as follows:
>
> A plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison

5

>official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Trozzi v. Lake Cty.,* 29 F.4th 745, 757 (6th Cir. 2022).

For purposes of this initial review, the Court will assume that Plaintiff's alleged scabies infection constitutes an objectively serious medical need under the above standard. However, because Plaintiff's allegations show that Defendants Fentress, Phillips, and Thompson made an active effort to address Plaintiff's medical condition, the Court concludes that they cannot be said to have acted with reckless disregard to Plaintiff's serious medical needs. For example, Plaintiff alleges that Defendants Phillips and Thompson prescribed medication to all the inmates who had been diagnosed with scabies, including Plaintiff, and directed that their bed linens and laundry be specially cleaned. And although Plaintiff alleges that Defendant Fentress misdiagnosed his scabies infection as dry skin, she did provide medication for the condition she diagnosed. Therefore, Plaintiff fails to show that she acted recklessly. And, finally, although Plaintiff alleges that Defendant McCoy did not react when informed that Plaintiff had been diagnosed with scabies, he does not allege what action she should have taken, especially since Defendants Phillips and Thompson had already taken seemingly appropriate action to treat Plaintiff's alleged scabies infection.

Thus, the Court concludes that Plaintiff has failed to allege that Defendants Phillips, McCoy, Fentress, or Thompson acted with reckless disregard to his ostensibly serious medical need. For this reason, the Court will dismiss Plaintiff's individual-capacity claims against these Defendants for failure to state a claim upon which relief may be granted.

### C. Injunctive Relief

As to Plaintiff's request that his charges be dropped and that he be released from incarceration, Plaintiff cannot obtain such relief in this § 1983 action. "[W]hen a state prisoner is

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### D. Amended Complaint

Finally, the Court observes that Plaintiff sometimes uses the pronoun "they" when denoting who took actions taken which he believes violated his constitutional rights in relation to his alleged exposure to scabies. To state a claim upon which relief may be granted, however, Plaintiff must name the specific individual who allegedly took these allegedly unconstitutional actions. *See, e.g.*, *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights) (citing *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights). Upon consideration, the Court will provide Plaintiff the opportunity to amend his complaint to name as Defendant(s) those who allegedly violated his constitutional rights and to sue them in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendants Phillips, McCoy, Fentress, and Thompson are **DISMSSED** as redundant to his continuing claim against Defendant SHP and that Plaintiff's individual-capacity claims against these Defendants are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants Phillips, McCoy, Fentress, and Thompson as parties to this action**.

**IT IS FURTHER ORDERED that if Plaintiff intends to sue any other individuals, he must file an amended complaint within <u>30 days</u> from the entry date of this Memorandum Opinion and Order in which he so indicates by listing them as Defendants on the amended complaint form, suing them in their individual capacities, and describing how each allegedly violated his constitutional rights with regard to his exposure to and infection with scabies. Plaintiff must also complete a summons form for each newly-named Defendant.**

If Plaintiff files an amended complaint, the Court will conduct an initial review of it pursuant to 28 U.S.C. § 1915A. Following the expiration of the 30-day period, regardless of whether an amended complaint has been filed, the Court will enter a Service and Scheduling Order to govern the claims it has allowed to proceed.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" written on it as well as three blank summons forms. This case number should be written on both the "Amended Complaint" and the blank summons form.

Date: August 4, 2022

*Joseph H. McKinley Jr.*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Daviess County Attorney
4414.011